Argued and submitted November 10, 1999, judgment of the Tax Court affirmed November 24, 2000

# WILLAMETTE EGG FARMS, INC.,
## an Oregon corporation,
### *Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
### *Respondent.*

## (OTC 4134; SC S45877)

14 P3d 609

Michael E. Farnell, Hagen, Dye, Hirschy & DiLorenzo, P.C., Portland, argued the cause and filed the briefs for appellant. With him on the brief was Joseph T. Hagen.

James C. Wallace, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

RIGGS, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

This case is before the court on direct appeal from a judgment of the Oregon Tax Court. Willamette Egg Farms, Inc. (taxpayer) appeals the denial of a property tax exemption under ORS 307.400(5)(e) (set out below) for tangible property used in its egg-production facility. The Tax Court concluded that equipment used to raise egg-laying chicks to maturity is not "directly related" to the production of eggs. *Willamette Egg Farms, Inc. v. Dept. of Rev.*, 14 OTR 337, 343 (1998). Consequently, the Tax Court granted summary judgment in favor of the Department of Revenue (department). For the reasons that follow, we affirm the judgment of the Tax Court.

We take the following undisputed facts from the Tax Court's opinion:

> "Plaintiff is a large producer, processor, and marketer of fresh shell eggs and maintains approximately 1.3 million laying hens. It is a vertically integrated business, which means that it buys approximately 700,000 to 800,000 day-old chicks per year, raises them in brooder houses until they are mature (about 18 weeks old), and then transfers them to laying houses where they produce eggs until they are approximately two years old. Plaintiff cleans, grades, packages, and markets the eggs.
>
> "The specific equipment in question consists of an extensive cage system with automatic feeding, watering, and ventilation systems. This equipment houses the young chickens or 'pullets,' until they mature and become laying hens. The cages are like those used for laying hens, except for features related to the gathering of eggs such as sloped floors and egg conveyors. One purpose in having similar cages is to reduce stress when the pullets are moved from the brooder house to the laying house."

*Id.* at 338-39 (footnote omitted).

The Jackson County Department of Assessment denied taxpayer's claim of exemption for the machinery and equipment used in taxpayer's brooder house. Taxpayer appealed that denial to the department, claiming that the property was "directly related and reasonably necessary" to

the production of fresh shell eggs and, therefore, was exempt under ORS 307.400(5)(e).

The department issued an order upholding the county's denial of the exemption:

> "There is no question that the production of young fowl are <u>directly related</u> to the production of eggs. In fact, it is those young fowl which will, after the passage of 17 weeks, become layers and move into the actual production phase of the subject itself, the egg.

> "But is this brooder house directly related *and* reasonably necessary for the production of eggs?

> "Even though the health concerns are important to these young fowl, it appears from the evidence presented there are other ways to obtain healthy layer chickens."

(Italicized emphasis in original; underlined emphasis added.)

Taxpayer filed a complaint with the Tax Court requesting relief from the order. Taxpayer then moved for summary judgment, arguing that its brooder house equipment was "reasonably necessary" to the production of eggs. Accordingly, taxpayer argued, that equipment was exempt. In response, the department conceded that raising chickens "is essential to egg production," but argued that the brooder house equipment is not "directly related" to egg production. After oral argument, the Tax Court denied taxpayer's motion, concluding that the subject equipment is not exempt under ORS 307.400(5)(e), because, although the equipment is "reasonably necessary" to producing eggs, it is not "directly related" to that purpose. *Willamette Egg Farms*, 14 OTR 342-43. The department then moved for summary judgment, which the Tax Court granted.

■ Taxpayer appealed to this court, ORS 305.445, assigning as errors the Tax Court's denial of its motion for summary judgment and that court's grant of the department's motion for summary judgment. Because taxpayer filed its complaint before the effective date of the 1995 amendments to ORS 305.445, which set out the appropriate standard of review, we review *de novo*. *See Delta Air Lines, Inc. v. Dept. of Rev.*, 328 Or 596, 603, 984 P2d 836 (1999)

(holding that 1995 amendments to ORS 305.445 affect only cases filed in Tax Court on or after September 1, 1997).[1]

Taxpayer first argues that the department is bound by its administrative finding, contained in its order, that taxpayer's brooder house equipment is "directly related" to the production of eggs. Alternatively, taxpayer argues that the Tax Court erred in concluding that the brooder house equipment is not "directly related" to the production of eggs. According to taxpayer, equipment used by egg producers to raise pullets is "directly related" to the production of eggs, because pullets become layer hens that produce eggs.

The department disagrees that it is bound by its finding in its order. Second, the department argues that, because taxpayer's brooder house equipment is separated in space—pullets are housed separately from layer hens—and time—pullets take approximately 18 weeks to grow into layer chickens—from egg production, the equipment is not "directly related" to egg production. The department distinguishes the *equipment* used to raise pullets from the *activity* of raising pullets. The department appears to concede that the latter is "directly related" to egg production, but argues that only the former is relevant here, and the former is *not* "directly related" to egg production. The Tax Court agreed with the department and concluded that "the subject equipment results in chickens, not eggs." *Willamette Egg Farms,* 14 OTR at 342. For the reasons explained below, we hold that taxpayer's brooder house equipment is not exempt under ORS 307.400(5)(e).[2] Accordingly, we affirm the decision of the Tax Court.

We have considered each of taxpayer's three arguments in support of its position that the department is bound by the administrative finding contained in its order. We conclude that none is well taken or merits discussion.

---

[1] All statutory citations in this opinion are to the statutes in effect before the effective date of the 1995 amendments.

[2] The department has not challenged the Tax Court's ruling that the brooder house equipment is "reasonably necessary" under ORS 307.400(5)(e). Thus, the only issue before this court is the statutory interpretation of "directly related."

■     We turn to the merits. ORS 307.400(5)(e) grants an exemption from *ad valorem* taxation for:

> "Equipment used for the fresh shell egg industry that is *directly related* and reasonably necessary to produce, prepare, package and ship fresh shell eggs from the place of origin to market, whether bolted to the floor, wired or plumbed to interconnected equipment, including, but not limited to, grain bins, conveyors for transporting grain, grain grinding machinery, feed storage hoppers, cages, egg collection conveyors and equipment for washing, drying, candling, grading, packaging and shipping fresh shell eggs."

(Emphasis added.) We interpret that statute by analyzing its text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We begin with the text, giving words of common usage their plain, natural, and ordinary meaning. *Id.*

■     ORS 307.400 does not define the wording "directly related," but those terms are ones of common usage. The plain, natural, and ordinary meaning of "directly" is "without any intervening space or time." *Webster's Third New Int'l Dictionary*, 641 (unabridged ed 1993). The plain, natural, and ordinary meaning of "related" is "connected by reason of an established or discoverable relation." *Id.* at 1916. Based on the plain meanings of the words "directly" and "related," we infer generally that equipment that is "directly related" to the production of fresh shell eggs is equipment that reasonably is connected to the production of fresh shell eggs without any intervening space or time. From text alone, we cannot say with certainty which of the parties' competing readings captures legislative intent.

      The context of the statute, however, eliminates doubt. Other subsections of ORS 307.400, which provide tax exemptions for different kinds of farm machinery and equipment, do not contain the phrase "directly related." *See, e.g.*, ORS 307.400(3)(b) (exempting farm machinery and equipment "used primarily for the purpose of feeding, breeding, management and sale of, or the produce of, livestock, poultry, fur-bearing animals or bees or dairying and the sale of dairy products"). Thus, the legislature's insertion of the phrase "directly related" into ORS 307.400(5)(e), when it

clearly could have chosen to omit the phrase, leads us to conclude that the legislature intended to limit the scope of the exemption.

Taxpayer argues that the equipment listed as exempt in ORS 307.400(5)(e) is automatically exempt, as long as the equipment is "used for the fresh shell egg industry." Accordingly, taxpayer argues, its brooder house equipment, some of which is listed in the statute, must be exempt. Taxpayer's argument renders meaningless the qualifying phrase "directly related." Only equipment (1) used for the fresh shell egg industry that is (2) directly related and (3) reasonably necessary to produce eggs is exempt. The types of equipment listed in ORS 307.400(5)(3) are merely examples of equipment that is exempt, as long as the equipment meets the other statutory tests.

We summarize our interpretation of ORS 307.400(5)(e) as it relates to the facts of this case in this way: The process of raising chickens that might, in time, lay eggs is not the same as the process of maintaining chickens that are laying eggs. That is, the maturation process, and the equipment used to facilitate that process, is not the same as the production of eggs. Consequently, we agree with the Tax Court that the equipment in question is subject to taxation. We hold that taxpayer's brooder house equipment is not exempt under ORS 307.400(5)(e).

The judgment of the Tax Court is affirmed.